UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAMIAN HERRON,                          )
                                        )
              Plaintiff,                )
                                        )
       v.                               )          No. 4:21-cv-527-NAB
                                        )
ERDCC and MECC,                         )
                                        )
              Defendants.               )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Damian Herron, an inmate at

the Missouri Eastern Correctional Center ("MECC"), for leave to commence this civil action

without prepaying fees or costs. Having reviewed the motion and the financial information

submitted in support, the Court has determined to grant the motion, and assess an initial partial

filing fee of $1.50. Additionally, for the reasons discussed below, the Court will dismiss the

complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis*

is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $7.50 and an average monthly balance of $4.08. The Court will therefore assess an initial partial filing fee of $1.50, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against two Missouri Department of Corrections (also "MDOC") correctional facilities: the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), and the Missouri Eastern Correctional Center ("MECC")). He also indicates an intent to name the MDOC as a defendant.

Plaintiff's allegations are best understood if quoted directly. They are as follows:

> This is in regards to when I got to ERDCC I went to B House C-Wing it was Quar[an]tine Wing people w[]ere test[ing] positive dail[]y putting my life in danger it was hor[r]ific. Then they were exposing 3 other wings full of inmates[.]

(ECF No. 1 at 3). Plaintiff identifies his injuries as "Civil Rights, Prisoner Rights, Physical Health, Mental Health." *Id.* at 4. He seeks "350 Billion Dollars" in relief. *Id.* at 1, 5.

## Discussion

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections, the ERDCC, and the MECC. The Missouri Department of

Corrections is a Missouri state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The ERDCC and the MECC are Missouri state correctional facilities. Thus, plaintiff's claims are treated as claims against the State of Missouri itself. The claims fail for two reasons.

First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, a State is not a "person" under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because plaintiff is missing an essential element of a § 1983 action, the claims against the MDOC, the ERDCC, and the MECC must be dismissed.

Second, the Eleventh Amendment confers sovereign immunity on un-consenting states from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court") and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). There are two "well-established exceptions" to Eleventh Amendment immunity: Where Congress has statutorily abrogated such immunity by clear and unmistakable language, and where a state has waived its immunity and consented to suit in federal court. *Barnes v. State of Missouri,* 960 F.2d 63, 64-65 (8th Cir. 1992).

Neither exception applies here. Plaintiff does not demonstrate Congressional abrogation of the State of Missouri's immunity. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983

4

was intended to disregard the well-established immunity of a State from being sued without its consent") and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions). Therefore, sovereign immunity bars plaintiff's claims.

Additionally, plaintiff's allegations would not state a plausible Eighth Amendment claim. The treatment a prisoner receives in prison, and the conditions under which he is confined, are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations omitted). To establish a conditions-of-confinement claim under the Eighth Amendment, a prisoner must demonstrate that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and the defendant behaved with "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal quotations and citations omitted); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

In this case, plaintiff can be understood to allege that he was placed in quarantine upon his arrival at the ERDCC. While there, he was upset to see others fall ill, he believed his life was in danger, and he believed other inmates were in danger. While plaintiff's allegations establish that he felt worried and/or uncomfortable while in quarantine at the ERDCC, they do not establish that he was housed in conditions that deprived him of the minimal civilized measure of life's necessities, as required to state a claim of constitutional dimension. *See Farmer*, 511 U.S. at 834. Moreover, plaintiff does not allege he contracted illness, he alleges no facts that would establish he suffered an injury while in quarantine at the ERDCC, and he has since been

transferred to the MECC, so he is no longer exposed to the conditions he now seeks to challenge. Finally, plaintiff's allegations are conclusory and devoid of factual support. While *pro se* complaints are to be liberally construed, they must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal,* 556 U.S. at 678. This Court will not assume facts plaintiff has not alleged. *See Stone*, 364 F.3d at 914.

After carefully reading and liberally construing the complaint, the Court concludes it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court cannot envision an amendment to the complaint that would cause it to state a claim upon which relief may be granted. The Court will therefore dismiss the complaint at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.50.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of  September 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE